GIOVANNI GUFFANTI, Suing on Behalf of Himself and Other Creditors of FRANCESCO ZANOLINI, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant, Impleaded with Another.

Principal and surety — indemnity bonds — bond given by agent receiving money for transmission abroad — parties to action against surety upon agent's default.

This action is brought on a bond given, pursuant to chapter 185 of the Laws of 1907, by a person engaged in selling steamship tickets and receiving deposits of money for transmission to foreign countries, conditioned for the faithful holding and transmission by him of such moneys and the due accounting therefor, which bond was signed by

him and the defendant a surety company. The principal in the bond converted the moneys so received by him from a large number of persons and to an amount in excess of the penalty of the bond. The plaintiff brings this action against the surety company, impleaded with the principal, on behalf of himself and all others similarly interested, to prove their rights to participate in the proceeds of the bond, and to compel defendant to pay over such proceeds *pro rata* to himself and such other persons as may become parties and exhibit and prove their claims. *Held*, that as the bond is for the benefit of every person who deposited money with such agent, the court will exercise its equitable powers to prevent the amount of the penalty thereof being paid to some of the persons defrauded to the exclusion of others equally entitled to payment therefrom, that the facts stated in the complaint constitute a cause of action, and that the action was properly brought by plaintiff on behalf of himself and all others similarly situated.

*Guffanti* v. *Nat. Surety Co.*, 133 App. Div. 610, affirmed.

(Argued October 6, 1909; decided November 23, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 13, 1909, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The following questions were certified :

" 1. Does the plaintiff's complaint, upon the face thereof, state facts sufficient to constitute a cause of action ?

" 2. Should the demurrer of the defendant National Surety Company be sustained upon the ground that the plaintiff cannot maintain this action as a suit in equity for the purpose of enforcing the payment of the amount claimed to be due him ?

" 3. Should the demurrer of the defendant National Surety Company be sustained upon the ground that the plaintiff cannot maintain this action as a class action on behalf of himself, and all other similarly situated creditors of the defendant Francesco Zanolini ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. Walter Artz* and *William J. Griffin* for appellant. The surety may question the constitutionality of the bond given by his principal. (16 Ency. Pl. & Pr. 934; *Wallace*

v. *Holly*, 13 Ga. 389 ; *S.*, *etc.*, *Co.* v. *Park*, 3 Ind. App. 173 ; *McChesney* v. *Bell*, 59 Ill. App. 84 ; *Taylor* v. *State Bank*, 2 J. J. Marsh. 568 ; *Lansdale* v. *Co.*, 7 T. B. Mon. 401 ; *Stewart* v. *Levis*, 42 La. Ann. 37 ; *Jarratt* v. *Martin*, 70 N. C. 459 ; *Matter of Thurber*, 162 N. Y. 244 ; *K. & J. Co.* v. *Castle*, 87 N. E. Rep. 976 ; *Lonergan* v. *S. A.*, *etc.*, *Co.*, 104 S. W. Rep. 1061.) Plaintiff cannot maintain this suit in equity. He has no legal right or capacity to represent others of his class, and on his own behalf he can only sue at law. (*Cutting* v. *Gilbert*, Fed. Cas. No. 3,519 ; *Scott* v. *Donald*, 165 U. S. 107 ; *O'Brien* v. *Fitzgerald*, 6 App. Div. 509 ; *Baker* v. *Portland*, Fed. Cas. No. 777 ; *Turner* v. *Mobile*, 135 Ala. 73 ; *Thomas* v. *C. B.*, *etc.*, *Co.*, 90 Fed. Rep. 422 ; *Lumber Co.* v. *Town of Hayward*, 20 Fed. Rep. 422 ; *Insurance Co.* v. *Mholman*, 73 Fed. Rep. 66 ; Pom. Eq. Juris. § 250 ; *Nat. P. Bank* v. *Goddard*, 131 N. Y. 494 ; *A.*, *etc.*, *R. R. Co.* v. *Weidenfeld*, 5 Misc. Rep. 43.)

*Joseph J. Corn* and *J. Lester Lewine* for respondent. Even if the statute should be deemed unconstitutional, the surety company is not in a position to assert such unconstitutionality or to profit thereby. (*I. & G. Trust* v. *Todd*, 56 App. Div. 39 ; *U. S.* v. *Moriarty*, 106 Fed. Rep. 886 ; *Hall* v. *People*, 90 N. Y. 498 ; *People* v. *B. R. R. Co.*, 89 N. Y. 75 ; *Lee* v. *State*, 207 U. S. 67 ; *People* v. *Turner*, 49 Hun, 466 ; *O. C. Society* v. *Brumback*, 107 S. W. Rep. 710 ; *Wilcox* v. *C. G. Co.*, 212 U. S. 19 ; *R. R.*, *etc.*, *Bank* v. *Craig*, 181 U. S. 548 ; *U. S.* v. *Mora*, 97 U. S. 413 ; *Shaunessy* v. *A. S. Co.*, 69 Pac. Rep. 250.) The plaintiff properly brings this suit in equity on behalf of himself and of all other creditors of Zanolini who may be similarly situated and who may come in and become parties and contribute to the expense of this action. (*Kittel* v. *Domeyer*, 70 App. Div. 134 ; *Matter of Thompson*, 184 N. Y. 44 ; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 179 ; *Terry* v. *Little*, 101 U. S. 216 ; *Marshall* v. *Sherman*, 148 N. Y. 21 ; *K. T. Co.* v. *Iselin*, 185 N. Y. 54 ; *Patterson* v. *Stewart*, 41 Minn. 84 ; *Pfohl*

v. *Simpson*, 74 N. Y. 137; *A. S. Co.* v. *L. C. Co.*, 96 Fed. Rep. 25; *Pennyfeather* v. *B. S. P. Co.*, 58 Fed. Rep. 481.)

CHASE, J.   One Zanolini was engaged in the city of New York in selling steamship tickets for transportation to and from foreign countries, and in conjunction with said business he carried on the business of receiving deposits of money for the purpose of transmitting the same or the equivalent thereof to foreign countries.   He gave a bond to the People of the state of New York in the penal sum of $15,000 conditioned for the faithful holding and transmission of any and all moneys or the equivalent thereof which should be delivered to him for transmission to a foreign country or countries, pursuant to chapter 185 of the Laws of 1907 and for the due accounting for and prompt payment by him of all such moneys or the equivalent thereof received by him as aforesaid.   Said bond was signed by the defendant as surety, and it was thereafter approved by the comptroller of the state of New York and filed in his office.   Thereafter and on August 4, 1908, Zanolini received from the plaintiff $600 for the sole and express purpose of transmitting the same to a person named in Italy.   Instead of transmitting the same he converted such money to his own use.   Between July 1, 1908, and October 1, 1908, more than one hundred and fifty persons deposited money with said Zanolini for transmission to Italy.   The moneys so paid to Zanolini by said one hundred and fifty and more persons amounted to upwards of $15,000 and each of the amounts so paid to him were by said Zanolini converted to his own use, and he has not paid or accounted therefor or for any part thereof.   On December 10, 1908, and prior to the commencement of this action he was adjudicated a bankrupt.   Prior thereto he had absconded, and his whereabouts then became and ever since have been unknown and cannot now be ascertained.

Said act of 1907 is constitutional, but if we assume that it is unconstitutional the defendants cannot assert its unconsti-

tutionality as a defense to this action. (*Musco* v. *United Surety Company,* 196 N. Y. 459.)

This action is brought by the plaintiff in behalf of himself and all others similarly interested to prove their rights to participate in the proceeds of said bond and of any recovery thereon, and to compel the defendant to pay said sum of $15,000 with interest thereon ratably and *pro rata* to the plaintiff and to such other persons as may become parties to the action and exhibit and prove their claims and demands herein. The defendant surety company disputes the right of the plaintiff to bring this action in equity.

The said act of 1907 was intended to prevent fraud upon ignorant, dependent and unsuspecting foreigners. The business of bankers is supervised by state or Federal authority. Transatlantic steamship companies have well-known places of business and a business reputation and standing to maintain that is of itself some guaranty of honest dealing. The act in requiring a bond as therein provided aids to some extent in obtaining supervision over the corporations, firms and persons receiving deposits of money for the purpose of transmitting the same, by reason of the self-interest arising from the responsibility of the sureties on such bonds.

The act was not only intended to prevent frauds upon ignorant foreigners who are naturally attracted to persons selling steamship tickets, as a depositary of their money for transmission to foreign countries, but to provide a guaranty fund to make good any losses arising from the failure of such persons to faithfully hold and transmit such money. The penalty of the bond represents a fund which stands as a guaranty against dishonesty, limited only by its amount. The condition of the bond read in connection with section four of the act would seem to give a person who has deposited money, which is subsequently embezzled, a right of action upon the bond in his individual capacity, but the bond is for the benefit of every person who deposits money with a corporation, firm or person named in the act, and where the facts require it the court will exercise its equitable powers to

prevent the amount of the penalty thereof being paid to some of the persons defrauded· to the exclusion of others equally entitled to payment therefrom.

In this case it appears that the money of one hundred and fifty and more persons deposited with the defendant Zanolini has neither been faithfully held nor transmitted as provided by the terms of said bond. The total amount of the claims exceeds the penalty of the bond and the claims of each of said persons against the defendant surety company arise out of the same instrument and are dependent upon the same contract. The penalty of the bond is the measure of the total liability of the defendant surety company and the depositors with Zanolini must lose the amount of such deposits unless they are collected from the bond. A just and equitable payment from the bond would be a distribution *pro rata* upon the amount of the several embezzlements. Unless in a case like this the amount of the bond is so distributed among the persons having claims which are secured thereby it must necessarily result in a scramble for precedence in payment, and the amount of the bond may be paid to the favored, or to those first obtaining knowledge of the embezzlements.

Many of the persons who so deposited money with said Zanolini are now residing outside of the state of New York. One or more of such persons now reside in each of four foreign countries and in each of eighteen states of the Union. They may not even now have knowledge of Zanolini's frauds. Surely this is a case where a suit in equity will aid to distribute, so far as possible, the limited fund represented by the penalty of the bond in accordance with the intention of the statute. The rules of equity are not so technical and cumbersome that they cannot lay hold of the situation described in the complaint for the relief of the courts and to do justice among the claimants. Pomeroy in his Equity Jurisprudence (third edition, sect. 269) says : " Under the greatest diversity of circumstances, and the greatest variety of claims arising from unauthorized public acts, private tor-

tious acts, invasion of property rights, violation of contract obligations, and notwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'community of right,' or of 'interest in the subject-matter' among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body. \* \* \* Courts of the highest standing and ability have repeatedly interfered and exercised this jurisdiction, where the individual claims were not only legally separate, but were separate in time, and each arose from an entirely separate and distinct transaction, simply because there was a community of interest among all the claimants in the question at issue and in the remedy."

We have in the case under consideration not only a multiplicity of suits which may be brought against the same defendant, but they all grow out of the same contract, and there is a limited fund out of which the aggregate recoveries must be sought. The contract with the defendant stated in the bond underlies the claims of each of the depositors as against the defendant surety company, and only the amount of the deposit with Zanolini and his default is separate and independent.

Actions among persons having similar legal relations to one another have frequently been upheld in the courts. (*Kittel* v. *Domeyer*, 175 N. Y. 205; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Matter of Thompson*, 184 N. Y. 36; *Marshall* v. *Sherman*, 148 N. Y. 9; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54; *Terry* v. *Little*, 101 U. S. 216; *Am'r Surety Co.* v. *Lawrenceville Cement Co.*, 96 Fed. Rep. 25.)

The order should be affirmed, with costs, and the first question certified should be answered in the affirmative, and the other two in the negative.

Cullen, Ch. J., Edward T. Bartlett, Haight, Vann, Willard Bartlett and Hiscock, JJ., concur.

Order affirmed.