ILLINOIS SURETY CO. v. MATTONE et al.

(Supreme Court, Appellate Division, First Department.    May 6, 1910.)

1. INSURANCE (§ 508½,* New, vol. 4, Key No. Series)—FIDELITY BOND—EX-
TENT OF LIABILITY.

Where plaintiff executed a fidelity bond to secure the faithfulness of P.
in holding, transmitting, and paying over moneys received by him on de-
posit and for transmission to foreign countries, P. having absconded, com-
plainant's liability to all P.'s creditors was limited to the amount of the
bond.

2. INSURANCE (§ 608*)—ACTION—NATURE AND FORM.

Where defendant surety company was liable to certain creditors of P. on
a fidelity bond because of P.'s default, the creditors being entitled to share
pro rata in any recovery against defendant, the fund could be reached only
by a suit in behalf of all in equity under the rule that mere diligence in
prosecuting a claim against such a fund will not entitle the prosecuting
party to priority of payment.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 608.*]

3. INJUNCTION (§ 26*)—PROCEEDINGS AT LAW—DIVISION OF FUND.

Complainant having executed a fidelity bond, insuring the faithfulness
of P. in holding, transmitting, and paying over moneys received by him on
deposit and for transmission to foreign countries, and P. having made de-
fault, many creditors sued at law and one in equity to enforce complain-
ant's liability. Held, that complainant was not bound to seek equitable re-
lief against such actions in the suit in equity brought against it, but, on
paying the principal of the bond into court, was entitled to an injunction
restraining the prosecution of the other suits, and requiring a determina-
tion of complainant's liability and a disposition of the proceeds thereof, if
any, in complainant's suit in equity.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–61;  Dec.
Dig. § 26.*]

Appeal from Special Term, New York County.

Suit by the Illinois Surety Company against Francesco Mattone and
others to restrain the prosecution of other actions against complain-
ant, to determine its liability on a surety bond in this action, and to
distribute the amount thereof among the persons entitled thereto.
From an order denying a preliminary injunction, complainant appeals.
Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-
LIN, SCOTT, and DOWLING, JJ.

Stephen Callaghan, for appellant.
Achille J. Oshei, for respondents Anzalone et al.
Michael Schneiderman, for respondents De Cicco et al.
Nelson L. Keach, for respondents Mattone et al.

SCOTT, J.    The plaintiff appeals from an order denying its motion
for an injunction pendente lite.

The appellant is a foreign corporation, and upon September 16, 1908,
executed as surety, with one Albert M. Pesce as principal, a bond or
undertaking in the penal sum of $15,000, pursuant to chapter 185,
Laws 1907, as amended by chapter 479, Laws 1908, conditioned upon
the said Albert M. Pesce faithfully holding, transmitting, and paying

over all moneys received by him for transmission to foreign countries, and also faithfully keeping and paying over all moneys received by him upon deposit. Pesce defaulted and absconded, and a large number of actions have been brought against plaintiff by persons who had deposited money with said Pesce. Some of these have gone to judgment, and some are still pending. They have been brought in different courts, mainly in those having no equity jurisdiction. There is, however, an equitable action now pending in this court brought by one creditor of said Pesce, suing in behalf of himself and all others similarly situated, seeking to recover the amount of the bond from plaintiff, and to secure its equitable distribution among all those entitled to share therein. The plaintiff in this action, while denying all liability upon said bond to any creditor of said Pesce, seeks to have its liability determined in a single action, in which the amount of the liability, if it be liable at all, may be equitably distributed. It has therefore made all disclosed claimants parties defendants and seeks to restrain pendente lite their several actions against it.

The question of the liability of the plaintiff upon its bond may be said to have been finally decided against it so far as concerns the courts of this state. Guffanti v. National Surety Company, 133 App. Div. 610, 118 N. Y. Supp. 207, affirmed 196 N. Y. 452, 90 N. E. 174; Musco v. United Surety Co., 132 App. Div. 300, 117 N. Y. Supp. 21, affirmed 196 N. Y. 459, 90 N. E. 171. The plaintiff, however, is liable in the aggregate only to the amount of its undertaking, and that amount constituted a fund for the payment of the creditors pro rata, and is to be distributed among them equitably according to their respective claims. Mere diligence in prosecuting a claim against such a fund will not entitle the prosecuting claimant to a priority of payment. The fund can therefore be reached only by an action in equity prosecuted in a court possessing equitable jurisdiction; for "an action at law by one creditor solely on behalf of himself is entirely inconsistent with the purpose for which the bond was required or given." Guffanti v. National Surety Co., supra. The several defendants in this action who have begun actions at law in courts possessing no equitable jurisdiction can therefore apparently take nothing by their actions, and will suffer no real prejudice if such actions are stayed until an action, properly brought in equity, can be prosecuted to final judgment. It is true that the Musco Case, above cited, was an action at law by an individual claimant to recover his own loss, and was not for the benefit of creditors generally, and it also appears by the complaint in this action that judgments have been obtained against plaintiff in courts having no equitable jurisdiction. It does not appear, however, that the point was taken in any of these actions that an action at law would not lie at the suit of a single creditor, and in the Musco Case it does appear that no such question was discussed or considered. But even if plaintiff can successfully defend, upon this technical ground, the numerous actions brought against it at law, it is unreasonable that it should be compelled to incur the expense of doing so, when the claims of all parties can be equitably determined and adjusted in an action properly brought for that purpose.

It is suggested that plaintiff can obtain all the relief necessary for its protection in the representative action in equity brought by the defendant Imperato in behalf of himself and all others similarly situated. It is true that the complaint in that action asks for an injunction restraining actions at law for the recovery of individual claims, but it does not appear that the plaintiff in that action has applied for or obtained such an injunction, nor is it suggested how this plaintiff, as a defendant in that action, could procure an injunction against his codefendants. He can obtain such relief in that action only by the grace of the plaintiff therein, and should not be called upon to rely solely upon so slight a dependence. It is well settled that a court of equity has jurisdiction to entertain an action of this nature. "In cases where many persons have claims and are prosecuting or are about to prosecute them at law against one of the defendants or class of defendants or a fund liable in equal degree to all those persons and to others, the court of equity, to forestall a multiplicity of actions, has jurisdiction of an action for a general accounting and adjustment of all the rights, and to restrain separate and individual actions at law in the same or other courts, thus bringing all the litigation into one suit." Pfohl v. Simpson, 74 N. Y. 137. There are numerous cases sustaining the rule above quoted. Board of Supervisors v. Deyoe, 77 N. Y. 219; Kellogg v. Siple, 11 App. Div. 458, 42 N. Y. Supp. 379, and authorities cited in Musco v. United Surety Co., supra. It has been suggested that many of these authorities are not applicable, because the plaintiff denies all liability upon the bond. This, however, is not necessarily fatal. It has been held that such an action can be maintained to determine a large number of claims to a fund in court, although the plaintiff insists that none of the claimants are entitled to any share in the fund (Kellogg v. Siple, supra). Such an action as this is not in the nature of an action of interpleader wherein several parties make conflicting claims to the same fund, but is entertained for the purpose of preventing a multiplicity of actions. There should, however, be complete assurance that the claimants, whose affirmative actions have been restrained, will, if successful, find a fund applicable to their payment, and which the court can so apply in this action. The plaintiff is a foreign corporation, and though it is doubtless entirely solvent at the present time, and has made such provision as our statutes require for the protection of creditors in this state, no one can foresee what the state of affairs may be when this action goes to final judgment. If the plaintiff who seeks a favor at the hands of the court should deposit in court the sum represented by its bond to remain subject to final judgment in this action, an injunction pendente lite against all claimants who have brought or threaten to bring individual actions at law could properly be granted. There is no reason, however, in any case for enjoining the prosecution of the representative action in equity already brought by the defendant Imperato, for all the questions involved can be as satisfactorily and equitably settled in that action as in this. The motion as it was presented at Special Term was properly denied, but the order appealed from will be so modified as to reserve to plaintiff the right to renew the motion upon compliance with the suggestions contained in this

opinion, and, as so modified, will be affirmed, with $10 costs and disbursements to each respondent who appeared and filed a separate brief. All concur.