(68 Misc. Rep. 470.)

### CAPPADONNA v. ILLINOIS SURETY CO. et al.

(Supreme Court, Special Term, New York County. July, 1910.)

1. CARRIERS. (§ 252*)—TICKET BROKERS—BONDS.

The amount of a bond given under Laws 1907, c. 185, as amended by Laws 1908, c. 479, by persons selling steamship and railroad tickets, creates a fund for the payment of creditors of such persons, and is to be distributed among them equally.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 252.*]

2. PRINCIPAL AND SURETY (§ 156*)—PLEADING.

In an action on a fidelity bond, a demurrer to an answer by which defendant alleged payments of judgments in excess of $15,000, but not alleging that it had paid $15,000, which was the amount of the bond, should be sustained.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 423; Dec. Dig. § 156.*]

Action by Antonio Cappadonna, suing on behalf of himself and other creditors of Edward Mondaini, against the Illinois Surety Company and others. Demurrer to answer sustained.

See, also, 123 N. Y. Supp. 341.

Gino C. Speranza, for plaintiff.
Wray & Callaghan, for defendants.

PAGE, J. The notice of motion seems to be framed as a motion under section 547 and also under section 976 of the Code of Civil

Procedure. I shall treat it as under the latter section, it appearing to be the more appropriate to the relief demanded.

The action was brought by the plaintiff, suing in behalf of himself and all other creditors of Edward Mondaini, doing business under the name and style of E. Mondaini & Co., to recover on a bond given by the above-named defendant in the penal sum of $15,000, pursuant to chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908. The answer sets up, as a separate and distinct defense:

"That subsequent to giving the bond sued upon herein various actions were begun at law against this defendant by persons having claims against said Edward Mondaini and this defendant, by reason of the defendant having given the bond mentioned in the complaint, and that prior to the beginning of this action various actions were begun by persons holding valid and subsistent claims against the said Mondaini and this defendant by reason of said bond, and that said bond was in the penal sum of $15,000, which was the total amount of this defendant's liability thereon; that judgments were obtained in said actions against the defendant upon said bond, and that this defendant paid, satisfied, and discharged said judgments, up to and in excess of the sum of $15,000, the penal sum of said bond and the liability of this defendant thereon, by reason whereof this defendant was discharged from all liability to this plaintiff and his alleged assignors, and all other persons making claims upon said bond."

To this defense the plaintiff demurs for insufficiency. It will be noted that the defendant does not allege that it has paid $15,000 in satisfaction of said judgments, but that it has paid judgments in excess of $15,000. The condition of the bond would only be met, if defendant's theory was correct, by the payment of the $15,000.

While this would be a sufficient ground for sustaining the demurrer, as defendant may ask leave to plead over, a further expression of opinion would seem proper. The purpose for which such bond was given and the rights of the parties thereunder have recently been clearly set forth by the Appellate Division of this department. The surety company—

"is liable in the aggregate only to the amount of its undertaking, and that amount constituted a fund for the payment of the creditors pro rata, and is to be distributed among them equitably according to their respective claims. Mere diligence in prosecuting a claim against such a fund will not entitle the prosecuting claimants to a priority of payment. The fund, therefore, can only be reached by an action in equity, prosecuted in a court possessing equitable jurisdiction; for an action at law by one creditor, solely on behalf of himself, is entirely inconsistent with the purpose for which the bond was given. Guffanti v. National Surety Co., 196 N. Y. 452. 90 N. E. 174. The several defendants in this action who have begun actions at law in courts possessing no equitable jurisdiction can, therefore, apparently take nothing by their actions." Illinois Surety Co. v. Mattone, 138 App. Div. 173, 122 N. Y. Supp. 928.

Under this decision I think it very doubtful whether the defendant can plead the payment of judgments recovered in actions at law at the full amount paid thereon, if that would be more than the pro rata share of the creditor. The defendant could have adopted in this matter the same procedure it used in the Mattone Case.

The demurrer is sustained. Motion granted, with $10 costs. If defendant desires to plead over, leave will be granted; amended answer to be served in 10 days on payment of costs.

Demurrer sustained.