### ALESSANDRO v. PEOPLE'S SURETY CO.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

BANKS AND BANKING (§ 15*)—BONDS OF BANKERS—ACTIONS BY DEPOSITORS.
Where a banker executed a bond as required by Laws 1907, c. 185, as amended by Laws 1908, c. 479, providing for a bond conditioned for prompt repayment of deposits, and that a suit may be brought thereon by any party aggrieved, a depositor may sue alone at law on the bond in the absence of any proof of the existence of other creditors, or that the money of any other person has been embezzled.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 15.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Vito Alessandro against the People's Surety Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

James G. Purdy (F. Sidney Williams, on the brief), for appellant. Nelson L. Keach, for respondent.

RICH, J. This appeal is from a judgment of the Municipal Court in an action brought to recover damages alleged to have been sustained in consequence of the failure of a firm of bankers to return upon demand money deposited with them by the plaintiff. They had executed a bond, with the defendant as surety, as required by chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908, in the penal sum of $15,000, conditioned for the prompt payment by them of all money received on deposit. Upon the trial plaintiff proved a balance of deposits in the hands of said bankers on February 10, 1910, of $230, demand for payment, and that the same had not been paid to him, and after putting the bond in evidence rested his case. The defendant thereupon moved for a dismissal of the complaint upon the ground that the plaintiff had no right to maintain the action in the form in which he had brought it, and had not proven facts sufficient to constitute a cause of action. The motion was denied, and, the defendant offering no proof, judgment was rendered for the plaintiff in the sum of $230. From such judgment this appeal is taken.

The only ground upon which a reversal is asked is that the plaintiff cannot maintain an action at law solely in his own behalf to recover his individual deposits, but must bring his action in equity, for the benefit of himself and all other depositors, to enforce the total lia-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bility created by the bond to be divided pro rata. It is contended that this proposition of law was declared in Guffanti v. National Surety Co., 133 App. Div. 610, 118 N. Y. Supp. 207, affirmed by the Court of Appeals 196 N. Y. 452, 90 N. E. 174, 134 Am. St. Rep. 848. In this contention counsel is in error. The facts in that case have no application to the present case. The Guffanti Case was an action in equity brought in behalf of the plaintiff and all other creditors similarly situated. The surety company demurred to the complaint, presenting the question as to whether the action could be maintained. In determining this question the court says:

"Undoubtedly, a single creditor, if it did not appear that there were others, might maintain an action upon the bond for the satisfaction of his individual claim."

Upon appeal, Judge Chase, writing for the court, says:

"The condition of the bond, read in connection with section 4 of the act, would seem to give a person who has deposited money, which is subsequently embezzled, a right of action upon the bond in his individual capacity; but the bond is for the benefit of every person who deposits money with a corporation, firm, or person named in the act, and where the facts require it the court will exercise its equitable powers to prevent the amount of the penalty thereof being paid to some of the persons defrauded to the exclusion of others equally entitled to payment therefrom."

The section of the act to which the court referred provides:

"A suit to recover on a bond required to be filed under the provisions of this act may be brought by or upon the relation of any party aggrieved in a court of competent jurisdiction." Section 4.

It appeared that there were over 150 creditors, the aggregate of whose claims amounted to more than the penalty of the bond.

The cases cited do not hold that an action at law cannot be maintained upon the bond by a single depositor, where there is an entire absence of proof of the existence of other creditors. In the case at bar there is no proof that the money of any person other than the plaintiff was embezzled, and, so far as appears, at the time his action was commenced he was the only creditor authorized to maintain an action upon the bond. In the absence of proof of the existence of other creditors entitled to share in the fund, no authority to which our attention is directed supports the contention that this action was not properly brought and properly disposed of.

The judgment of the Municipal Court must be affirmed, with costs. All concur.