CAROZZA v. PEOPLE'S SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

BANKS AND BANKING (§ 15*)—ACTION ON BOND—FORM—LAW OR EQUITY.

Where defendant surety company executed a bond for R., a banker, to whom plaintiff intrusted money for transportation to Italy, and who failed to transmit the sum or return it to plaintiff, and there was no claim that other like claims on the bond exceeded the aggregate sum for which the surety was liable, plaintiff was entitled to sue on the bond at law, and was not bound to sue in equity for a distribution of the fund.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 15.*]

Appeal from Appellate Term.

Action by Giovanni Carozza against the People's Surety Company of New York, impleaded, etc. From a determination of the Appellate Term, reversing a judgment of the Municipal Court, and ordering a new trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Michael Schneiderman, for appellant.
Herbert McKennis, for respondent.

SCOTT, J. This is an appeal from the determination of the Appellate Term, reversing a judgment of the Municipal Court against the defendant People's Surety Company of New York.

The respondent is sued as the surety upon a bond of $15,000 for Antonio Russo, a banker, to whom the plaintiff intrusted the sum of $100 for transmission to Italy, and who failed to transmit said sum or to return it to plaintiff. The facts are similar in many respects to those considered by this court in Guffanti v. Nat. Surety Company, 133 App. Div. 610, 118 N. Y. Supp. 207, affirmed 196 N. Y. 452, 90 N. E. 174, 134 Am. St. Rep. 848, and Musco v. United Surety Company, 132 App. Div. 300, 117 N. Y. Supp. 21. The plaintiff sufficiently proved the delivery of the money to Russo, his undertaking to transmit it, his failure to do so, and his absconding without having repaid the sum. Under these circumstances the liability of the defendant is established under the cases cited. The only defense attempted, and one which has commended itself to the learned Appellate Term, is the contention that, while plaintiff may have a perfectly valid claim against respondent, it is one which may not be prosecuted in an action at law, but may be recovered only in an action in equity. Hence it is argued that, since the Municipal Court has no equitable jurisdiction, it cannot enforce plaintiff's claim.

This contention rests upon certain expressions of this court and the Court of Appeals in the course of the opinions rendered in Guffanti v. National Surety Company, supra, and Illinois Surety Company v. Mattone, 138 App. Div. 173, 122 N. Y. Supp. 928. The respondent's contention upon this point fails, because it is built upon excerpts from opinions, without regard to the particular facts before the court in the cases cited, or to the questions which the court was

therein called upon to consider. It may be said of the respondent's argument, as was recently said by the Court of Appeals:

"Doubtless there are isolated quotations and expressions of opinion by the learned judge writing the opinion, which, construed by themselves, might inferentially support the position of the present appellant (respondent); but, as is well understood, this is not the proper method to determine the scope of a decision. The opinion must be interpreted as a whole, and whatever was said must be tested by reference to the actual question before the court. Hogan v. Board of Education, 200 N. Y. 370, 93 N. E. 951."

If the opinions in Guffanti v. Nat. Surety Company and Illinois Surety Company v. Mattone are carefully read in accordance with the foregoing rule, it will be perceived that there was present in each of those cases a controlling fact, absent in the present case, which led to the conclusion that the liability of the surety should be determined in a suit in equity, rather than by numerous actions at law. That fact was, as it was alleged, that in each case the claims upon the indemnitor largely exceeded the aggregate sum for which it was liable as surety. This fact led the court to hold, in those cases, that the amount of the surety's liability should be treated as a fund for the benefit of all claimants, to be distributed among them pro rata. Hence, where that fact appeared, it was considered that the fund should be distributed in equity, and that separate actions at law by individual claimants should be stayed. In the Guffanti Case this court said:

"Undoubtedly a single creditor, if it did not appear that there were others, might maintain an action upon the bond for the satisfaction of his individual claim."

In the same case the Court of Appeals said:

"The condition of the bond, read in connection with section 4 of the act, would seem to give a person who has deposited money, which is subsequently embezzled, a right of action upon the bond in his individual capacity."

There is nothing in the nature of the plaintiff's claim which precludes its prosecution at law, and it does not appear anywhere in the case that the claimants against the surety are numerous, or, in fact, that there are any claimants at all, except this plaintiff. There is, therefore, no reason for relegating plaintiff to an equity suit, or denying him his remedy at law. This conclusion finds support in the opinion recently handed down by the Appellate Division in the Second Department in Alessandro v. People's Surety Company, 143 App. Div. 145, 127 N. Y. Supp. 572.

The determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the Appellate Term. All concur.