JOHN GRUMAN et al. v. THOMAS C. LILLETHUN, Fred Daniels, Defendants and Richard Adcock, and Christ Myrhow, Appellants.

(145 N. W. 825.)

**Warehouseman's bond — action on — benefit of all persons injured — resources of bond — conservation — suits — multiplicity.**

The action upon a warehouseman's bond should be brought for the benefit of all persons injured, in order to conserve the resources of the bond and

prevent multiplicity of suits.  Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47, followed.

Opinion filed February 19, 1914.

Appeal from the District Court of Barnes County, *Coffey,* J. Reversed.

*Page & Englert,* of Valley City, North Dakota, for appellants.

*Herman Winterer* and *D. S. Ritchie,* of Valley City, North Dakota, for respondents.

PER CURIAM.  Plaintiffs bring this action upon an elevator warehouseman's bond, the breach alleged being the failure to account for grains stored with the warehouseman.  The complaint does not state that the action was brought upon behalf of himself and others similarly situated, or that the action was brought to protect the holders of outstanding tickets.  There are four similar suits before this court upon appeal, and we understand that there are others pending in the district court.  At the trial defendants demurred upon the grounds that the complaint does not state facts sufficient to constitute a cause of action.  Appellants filed a supplemental brief dated May 15, 1913, from which we quote:  "We doubt very much whether the plaintiff in this case, under this bond and under the statutes, is the real party in interest for another reason.  Section 2247 of the 1905 Code provides that the bond 'shall be in a sufficient amount to protect the holders of outstanding tickets.'  It is evidently the object of this statute to prevent a multiplicity of suits.  It must also be the object of this statute to prevent any single person from reaping the entire benefit of the bond, and thus cut off all other parties that might be similarly situated and that might have met similar losses under like circumstances.  If our view upon the intention of the law in this regard is correct, then for an equally weighty or important reason might we say that the action should be brought in the name of the state of North Dakota, as a trustee of those that have sustained losses.  It is undoubtedly for this reason that the liability is directed to the state of North Dakota to thus enable it to protect those that have sustained losses, in a just and equitable manner, and not for the benefit of one, to the absolute and unrestrained detriment of the others.  We raised these points on our demurrer to the com-

plaint, and we again raised these points on our motion for a directed verdict at the close of the case." On May 24, 1913, this court filed the opinion in Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47, upon almost identical facts, sustaining the contention of appellants in this case. The facts in this case furnish an additional reason for upholding the doctrine announced in the above named case. Here we have a $5,000 bond upon which are based six or seven different suits. If the four cases before us were sustained, the costs would amount to a material proportion of the bond, and might easily result in actual loss to holders of outstanding storage tickets. It seems clear that but one suit should be brought and that for the benefit of all parties injured, thus conserving the resources of the bond and preventing multiplicity of suits. The evidence before us shows a liability upon the bond, but this liability is to all of the outstanding ticket holders, and not to the most vigilant. The demurrer should have been sustained.

In justice to the trial court it should be noted that his rulings were rendered prior to the decision in Phillips v. Semingson.

**Warehouseman's bond — action on — benefit of all persons injured — resources of bond — conservation — suits — multiplicity.**

The action upon a warehouseman's bond should be brought for the benefit of all persons injured, in order to conserve the resources of the bond and prevent multiplicity of suits. Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47, followed.

*Page & Englert,* of Valley City, North Dakota, for appellants.

*Herman Winterer* and *D. S. Ritchie,* of Valley City, North Dakota, for respondent.