ILLINOIS SURETY CO. v. UNITED STATES, for the Use of KELLOGG.

(Circuit Court of Appeals, Seventh Circuit. August 6, 1915.)

No. 2239.

1. BANKRUPTCY ☞273—DEPOSITORY—ACTION ON BOND—PARTIES.

Upon a bond given pursuant to Bankr. Act July 1, 1898, c. 541, § 61, 30 Stat. 562 (Comp. St. 1913, § 9645), requiring courts of bankruptcy to designate depositories for the money of bankrupt estates and to require bonds therefrom, and section 50h (Comp. St. 1913, § 9634), providing that bonds of such depositories may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions, conditioned to pay over all deposits which it shall at any time receive as such depository, the beneficiaries include all depositing trustees and receivers of bankrupt estates.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ☞273.]

2. BANKRUPTCY ☞273—DEPOSITORIES—BOND—SUBROGATION OF SURETY.

The surety on such bond has no right of subrogation until all the creditors obtain from the depository or the surety payment, not merely of the penalty, but of the depository's entire obligation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ☞273.]

3. BANKRUPTCY ☞273—DEPOSITORY'S BOND—ACTION.

Under Bankr. Act, § 50h, providing that bonds of designated depositories may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions, an action may be brought in the name of the United States on behalf and for the use of all the interested parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ☞273.]

4. BANKRUPTCY ☞273—DEPOSITORY'S BOND—ACTION IN EQUITY—STATUTES.

Under Bankr. Act, § 61, requiring courts of bankruptcy to designate depositories for the money of bankrupt estates and to require bonds therefrom, and section 50h, providing that such bonds may be sued upon in the name of the United States for the use of any person injured by breach of their conditions, the claims of trustees and receivers in several bankruptcy proceedings, though based upon a single obligation, are several, and, as the United States is not a trustee empowered to represent the claimants as equitable beneficiaries, the common law furnishes no remedy, so that a court of equity could alone afford an adequate remedy, and, where the action had been brought at law, judgment will be reversed, and the cause remanded, with leave to amend the pleadings, that it may proceed as a suit in equity, pursuant to Judicial Code, § 274a, added by Act March 3, 1915, c. 90, 38 Stat. 956.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ☞273.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Ferdinand A. Geiger, Judge.

Action by the United States, for the use and benefit of C. V. Kellogg, trustee in bankruptcy of the estate of the Kellogg-Mackay Company, and others, against the Illinois Surety Company. Judgment for the United States on demurrers, and defendant brings error. Re-

versed and remanded, with leave to amend the pleadings and proceed on the equity side of the court.

An action was brought by the United States, for the use of certain trustees and receivers in several bankruptcy proceedings and "any and all other receivers or trustees of estates in bankruptcy pending in the District Court of the United States for the Northern District of Illinois, Eastern Division, similarly situated in the premises," on a bond given by the La Salle Street Trust & Savings Bank as principal and plaintiff in error as surety in the penal sum of $50,000, on the designation of the bank as a depository of moneys for bankrupt estates, pursuant to the provisions of the Bankruptcy Act.

The bond recites: "The condition of this obligation is such that whereas, the District Court of the United States for the Northern District of Illinois, Eastern Division thereof, by its order entered of record on the 5th day of August, A. D. 1913, has appointed and designated the La Salle Street Trust & Savings Bank as a depository of money of bankrupt estates under and by virtue of an act to establish a uniform system of bankruptcy throughout the United States, approved July 1, A? D. 1898, and all amendatory acts thereof, which appointment and designation has been duly executed by the La Salle Street Trust & Savings Bank: Now, therefore, if the La Salle Street Trust & Savings Bank shall and does at all times faithfully and honestly keep and fully account for and pay over according to law all deposits and funds which it shall at any time receive or become accountable for as such depository under and by virtue of the appointment and designation as aforesaid, then this obligation shall be void; otherwise, the same shall remain in full force and effect."

The breach charged is the failure and refusal faithfully and honestly to keep, fully account for, and pay over, according to law, all moneys received by the bank as such depository. The declaration further avers the appointment by the state court of a receiver for the bank on June 18, 1914, because of its insolvency, the deposit prior thereto in the bank by the trustees and receivers of the estates named and by the other receivers and trustees of estates in bankruptcy of large sums of money, exceeding $165,000, belonging to their estates in bankruptcy, and the fact that these sums remain due and unpaid after demand therefor.

A general and special demurrer was overruled, and, on the Surety Company's abiding thereby, judgment was rendered against it in favor of the United States, for the use of the named trustees and receivers and "all other receivers and trustees of estates in bankruptcy pending" in said court, for $50,000 debt and $1,250, being interest at 5 per cent. from the date of suit.

The bond was given pursuant to section 61 of the Bankruptcy Act, which reads as follows: "Courts of bankruptcy shall designate, by order, banking institutions as depositories for the money of bankrupt estates, as convenient as may be to the residences of trustees, and shall require bonds to the United States, subject to their approval, to be given by such banking institutions, and may from time to time, as occasion may require, by like order, increase the number of depositories, or the amount of any bond, or change such depositories."

Section 50h of the Bankruptcy Act, under which the action was brought, provides: "Bonds of referees, trustees, and designated depositories shall be filed of record in the office of the clerk of the court and may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions."

Albert J. Hopkins, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Joseph B. Fleming, both of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). [1] The questions raised by the demurrer involve the determination of the prop-

or parties plaintiff and the proper forum, whether law or equity, in which the bond may be enforced. Plaintiff in error contends either that only the first depositors whose claims aggregate $50,000 are entitled to the benefit of the bond, or if all depositors may share therein, and the claims exceed, as alleged, the penalty of the bond, equity alone has jurisdiction.

1. In support of the first contention, it is urged that, as the court may from time to time order an increase in the amount of the bond, every depositor, before making his deposit, must ascertain whether the amounts then owing might exhaust the penalty, and, in that event, he must see to it that an increase of the bond is ordered, if he desire to share in the protection.

The statement of the proposition carries its own refutation. No such limitation is expressed in, and none assuredly will be implied from, the language either of the statute or of the bond itself. On the contrary, the condition is "to pay over *all* deposits which it shall *at any time* receive as such depository under the appointment." The appointment was without limitation as to time or amount; the beneficiaries include all depositing trustees and receivers of bankrupt estates.

[2] 2. The objection that equity alone has jurisdiction of a suit on such a bond is based on the following contentions: (a) That the surety has a right to be subrogated to each beneficiary's claim against the bank for the proportionate amount due such beneficiary. (b) That only a court of equity can protect a surety's right to subrogation. (c) That a court of equity alone can apportion the amount due each beneficiary and thus fix the basis of the surety's subrogation. (d) That, in any event, the action cannot be brought by the United States, or by any beneficiary for its sole use, but only in the name of the United States as obligee and nominal plaintiff by one or more of the depositors on behalf and for the use of all of them.

(a) The extent of subrogation depends upon the character of the bond. Unquestionably one may become a surety under a condition that the debt thereby guaranteed shall not exceed the penal sum, or that only so much of the credit to be extended to the principal as shall not exceed the penalty of the bond shall be within its protection. The surety under such a bond could become subrogated to so much of the claim against the principal, even though the creditor were thereby prevented from receiving the balance of his claim in full. We find nothing, however, in the statute that would authorize the court to accept a bond so limited. While the amount may be increased as the court may from time to time find it proper, the object of the statutory requirement is to secure protection not for a part but for all depositors, and not for a portion but for the entire amount of their deposits; that is, for so much thereof as they may be unable to realize from the funds of the bank itself. Under such a bond, there is no right of subrogation until the creditors shall have obtained from the principal or the surety payment not merely of the penalty but of the debtor's entire obligation.

(b) But, whatever the right of subrogation, it cannot be asserted to defeat the creditors' right to enforce the obligation on the bond in a court of law. The judgment is unconditional because only after payment of the debt or of the judgment thereon can the surety claim subrogation. Under proper circumstances, of course, the surety might bring a bill in equity to protect some threatened diminution of its right to subrogation or under section 274b of the Judicial Code, as amended March 3, 1915 (38 Stat. 956, c. 90), it might now set up any equitable defenses to the action at law, but the mere right to subrogation presents no such defense.

(c) So far as subrogation is concerned, a multiplicity of usees or plaintiffs in a single suit could not defeat the action at law. If the difficulties of apportionment as between the claimants could be adjudicated at law, the extent of the subrogation as to each of them would thereby also be settled.

[3] (d) Under section 50h, not only the bonds of depositories, given to protect a limited class of beneficiaries, the depositors, but those of referees and trustees, official bonds given for the protection of the public generally, "may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions." Clearly, as to the strictly official bonds, any person injured by the breach of condition may bring an action in the name of the United States for his sole protection. The United States has no interest therein. It is merely a nominal plaintiff, without authority either to instigate or to control the proceedings, and in no sense the real plaintiff's trustee enforcing a legal obligation due to it, the United States, as a trustee, and for which it is answerable in equity to its cestui que trust.

That the possible beneficiaries of the depository's bond are a limited class, the depositors, and that the bond is perhaps not, strictly speaking, an official bond, afford no basis for differentiating it from a trustee's or referee's bond. The United States is no more an active trustee for the depositors than for the general public.

While the act does not in express words state who shall sue on the bond, the reasonable if not the necessary implication from the phrase "in the name of the United States," instead of "by the United States," is that the suit shall be brought, not by the United States, but by the usee in the name of the United States.

The object of the bond is to afford protection to all beneficiaries alike. The spirit of the whole Bankruptcy Act would be violated, if the vigilant depositor could, by suit in his own interest, exhaust the obligation. Each depositor is entitled only to his proportionate share. If, however, each depositor could bring an action at law for his own use to obtain his proportionate share, the possible diversity of opinion as to what that share is might result either in subjecting the defendant to judgments in excess of the penalty or in defeating the just claims of the later litigants. Only in a proceeding in which all interested parties will have an opportunity to be heard, and resulting in a judgment or decree that will be res adjudicata as to the surety as well as to all depositors, can justice be done.

[4] Inasmuch as the claims, though based on a single obligation, are several, not joint, and the United States is not a trustee, empowered as such to represent the claimants as equitable beneficiaries, the common law furnishes no remedy. It has no method of compelling all interested parties to join or intervene in a single suit at the peril of being bound by the judgment that might be rendered therein. McKenny v. Supreme Lodge, 180 Fed. 961, 104 C. C. A. 117 (C. C. A., 6th Circuit).

Whether, under a statute providing for notice and intervention, as in the case of actions on public contractors' bonds under the Act of August 13, 1894, c. 280, as amended February 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), a court of law, though it has jurisdiction of the subject matter (our opinion on motion to modify the order in United States, for Use, v. Illinois Surety Co., 226 Fed. 663, —— C. C. A. ——, filed August 6, 1915; Ill. Surety Co. v. United States, 215 Fed. 334, 131 C. C. A. 476 [C. C. A., 4th Circuit]; United States v. Wells [D. C.] 203 Fed. 146, and numerous cases in which the jurisdiction was exercised without question), should remit the parties to a court of equity, if the objection is made in apt time, as held in United States v. Wells, supra, and Ill. Surety Co. v. United States, 212 Fed. 136, 129 C. C. A. 584 (C. C. A. 2d Circuit, disapproving United States v. Stannard [D. C.] 207 Fed. 198), we need not now determine.

In the absence of such a statutory provision, a court of equity alone can afford a proper and just remedy, not merely adequate for the complainants (a defendant cannot object to an action at law because of mere inadequacy in this respect), but essential for the defendant's protection. The situation is analogous to a proceeding to enforce stockholders' double liability, which, under state statutes, cannot be sued for by a receiver of the corporation but only by the creditors (Alsop v. Conway, 188 Fed. 568, 110 C. C. A. 366 [C. C. A., 6th Circuit]; Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376); or a bond given pursuant to New York Laws of 1907, c. 185, by a banker engaged in the business of transmitting money to foreign countries (Guffanti v. National Surety Co., 196 N. Y. 453, 90 N. E. 174, 134 Am. St. Rep. 848; Ill. Surety Co. v. Mattone, 138 App. Div. 173, 122 N. Y. Supp. 928).

The judgment must therefore, be reversed, and the cause remanded, with leave to amend the pleadings, that it may be proceeded with on the equity side of the District Court, pursuant to section 274a of the Judicial Code.