# PIPER-HOWE LUMBER COMPANY, a Corporation, Respondent, v. C. M. PADGETT, the Padgett Company, a Corporation, and Northern Trust Company, a Corporation. NORTHERN TRUST COMPANY, a Corporation, Appellant.

(215 N. W. 468.)

**Bonds — contractor or subcontractor — public improvements — statutory bonds.**

1. Where a bond is given to the state under the provisions of § 6832, Compiled Laws of 1913 and the Supplement, conditioned for the payment of claims against the contractor on account of labor or materials furnished in and about the performance of a contract for a public improvement, any person having a claim against the contractor or subcontractor may sue in his own name upon the bond.

**Contractors — highways — furnisher of material to repair or construct equipment — not protected by bond.**

2. It is *held*, for reasons stated in the opinion, that a bond given by one who contracted for highway construction work, conditioned for the performance of labor or services and payment of the wages of laborers, and for material to be furnished by the contractor, does not protect one furnishing material to the contractor to be used merely for the construction and repair of equipment.

Opinion filed August 18, 1927. On petition for modification October 13, 1927.

Bonds, 9 C. J. § 152 p. 87 n. 73. Highways, 29 C. J. § 353 p. 612 n. 65.

Appeal from the District Court of Ward County, *Moellring,* J. Reversed and remanded.

*L. J. Palda, Jr., C. E. Brace,* and *Robeert W. Palda,* for appellant.

"The rule in this state is that actions upon the warehousemen's bond may be instituted by any creditor, but must be brought on behalf of themselves and all others similarly situated." Phillips v. Semingson, 25 N. D. 400, 142 N. W. 47; Ertelt v. Lillethun, 27 N. D. 226, 145 N. W. 825.

"The condition in a bond is intended to cover payments only for

Annotation.—(1) On right of materialman and laborers to maintain action on bonds required on public works, see annotation in 49 L.R.A.(N.S.) 1175; 22 R. C. L. 632; 1 R. C. L. Supp. 1273; 4 R. C. L. Supp. 1473.

the visible materials furnished for direct use and incorporation in the work and for wages to the men whose services are directly employed in doing the work." Sica v. Kimpland, 93 Fed. 403; Chicago Lumber Co. v. Douglas, 89 Kan. 308, 44 L.R.A.(N.S.) 843, 131 Pac. 563.

"The surety is a favorite of the law, and has the right to stand for the strict terms of his obligation when such terms have been ascertained. This rule is applicable to all circumstances." State v. Padgett, 54 N. D. 211, 209 N. W. 388.

*McGee & Goss,* for respondent.

"A statutory bond will be construed in the light of the purpose for which it is required as expressed in the statute." Payseno v. Padgett Co. ante, 154.

"A finished improvement will embody nothing of value that might not be classed as labor, service or material, and clear intent of both the contract and the statute is to protect all persons who have furnished either labor, service or material." Ibid. See Thompson Yards v. Kingsley, 54 N. D. 49, 208 N. W. 949.

Unless the account stated is challenged as fraudulent it binds the parties thereto. Foster v. Dwire, 51 N. D. 581, 199 N. W. 1017.

BIRDZELL, Ch. J. The defendant C. M. Padgett entered into a contract with the state highway commission for road work upon certain projects in Bottineau county, furnishing a bond executed by the defendant the Northern Trust Company. Subsequently, a corporation known as the Padgett Company was formed and the contract was, with the consent of the trust company, assigned to the corporation, which completed the contract. The plaintiff supplied to the contractor certain materials, some of which were paid for. There was an agreed balance, however, amounting to $1,037.65 for which the Padgett Company gave its check to the plaintiff, which was dishonored. Thereupon this action was brought to recover of the defendants the amount of the check, with interest. At the close of the trial the plaintiff and the answering defendants both moved for directed verdicts and by consent of the parties the court discharged the jury and made findings of fact and conclusions of law upon which judgment was entered for the plaintiff in the sum of $672.75, plus interest and costs. (By stipulation a pay-

ment had been credited during the pendency of the suit, reducing the amount claimed.) The defendant trust company appeals from the judgment.

There are two major contentions on the appeal: first, that the complaint does not state a cause of action against the defendant, the Northern Trust Company, for the reason that the bond is given to the state and is to serve as security for all of a class, and that no one within the class is entitled to sue for himself; and, second, that the materials supplied to the contractor were not within the protection of the bond.

The rule pertaining in this jurisdiction with respect to warehouse bonds is invoked in support of the first contention. Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47; Ertelt v. Lillethun, 27 N. D. 226, 145 N. W. 825; Gruman v. Lillethun, 27 N. D. 227, 145 N. W. 825.

It is held in these cases that the bond, being given for the equal protection of all of the beneficiaries, can be made available to the class only through an action brought on behalf of all its members. The rule has been applied to depositary bonds (Illinois Surety Co. v. United States, 141 C. C. A. 421, 226 Fed. 665) and to statutory bonds of ticket agents. See 2 N. Y. Consol. Laws, 1909, p. 1211; Guffanti v. National Surety Co. 133 App. Div. 610, 118 N. Y. Supp. 207, same case on appeal in 196 N. Y. 452, 134 Am. St. Rep. 848, 90 N. E. 174; Illinois Surety Co. v. Mattone, 138 App. Div. 173, 122 N. Y. Supp. 928; Cappadonna v. Illinois Surety Co. 68 Misc. 470, 125 N. Y. Supp. 162; Tuzzeo v. American Bonding Co. 226 N. Y. 171, 123 N. E. 142. While these decisions strongly support suits brought in behalf of all of the class to be protected, they do not (with the possible exception of the warehouse bond cases) entirely negative the right of an individual beneficiary to sue where it has not been made to appear affirmatively that other beneficiaries are interested whose rights would be endangered (see Lordi v. People's Surety Co. 69 Misc. 598, 126 N. Y. Supp. 180); nor, in any case that has come to our attention, does the statute under which the bond was given contain language so strongly expressing the right of a beneficiary to sue as does the statute under consideration. Section 6832, Compiled Laws of 1913 and Supplement. The statute reads: ". . . The obligee in said bond shall be the state of North Dakota: but any person having any lawful claim against the contractor, or any subcontractor, on account of labor or ma-

terials, or both, furnished in and about the performance of said contract, may institute an action to recover the same in his own name upon said bond, in the same manner and with like effect as though the said bond were made payable to him."

Thus, it is seen that the beneficiary is not only given a right to institute the action in his own name, but he may sue in the same manner and with the same effect as though the bond were made payable to him. We cannot add to this language the requirement that he bring suit in the names of all other parties having similar interests without modifying the statute.

It is suggested that the obligor is entitled to be protected against suits by the various beneficiaries and, further, that its liability, if subjected to numerous suits, might be made to exceed the penalty of the bond. These contentions may be briefly answered. When an obligor gives a bond required by a statute it must be assumed that the contract is made with the provisions of the statute in mind; and, therefore, in this instance, to have undertaken to become liable at the suit of any person having a claim in the same manner and with like effect as though the bond were made payable to such person. The obligor cannot complain, therefore, when sued by such person.

The statute contains no warrant for the assumption that an obligor may be held in excess of the penalty of the bond. When the penalty is exhausted by full payment to beneficiaries in satisfaction of established claims, the liability is at an end. The fear of the surety that if subjected to suits at the instance of claimants it may be held beyond the penalty, seems to be grounded upon an expression of the supreme court of New York in the case of Cappadonna v. Illinois Surety Co. 68 Misc. 470, 125 N. Y. Supp. 162, in which a doubt was intimated as to whether the defendant could plead the payment of judgments recovered in actions at law at the full amount paid thereon where that would amount to more than the pro rata share of the creditor. Obviously, a decision that the right to plead such a payment is thus limited proceeds upon the assumption that the only liability to claimants under the bond is a liability to all claimants which must be enforced in a suit in equity in which each could recover only his pro rata share. Where a claimant is, by the express language of the statute, permitted to sue in his own name, no such result could follow and the payment of an

established claim would operate to reduce the liability in like amount. Nothing that is said here is to be construed as deciding whether or not a suit in equity may be brought on such a bond by a claimant in his own right and on behalf of all other parties interested where facts exist warranting equitable relief; nor as deciding whether such a suit may be maintained at the instance of an obligor, or in what circumstances an equitable defense may be interposed. Under this statute, however, danger of excessive liability alone would not be a ground for equitable interference.

Considerable of the material supplied by the plaintiff was used in the construction of barns to shelter the horses; some of it was used for sheds and bunk houses, some to make and repair dump boxes for hauling gravel and to fix up the equipment used by the contractor. Some of these structures were placed upon skids so they could be moved from place to place as the work progressed or as they might be required on some other job. The question is whether or not the plaintiff, in supplying such materials, is protected by the bond. The proposal accepted by the contractor obligated him "to furnish all necessary machinery, equipment, tools, labor and other means of construction and to furnish all materials specified," and the contract provided that he should "furnish and deliver all material and do and perform all the work and labor required to be furnished and delivered, in strict and entire conformity with the provisions of this contract, and bond and proposal." The bond was conditioned for faithful compliance with and performance of the contract, for the protection of the state "and any person or persons performing any labor or services or furnishing material to be used against any loss," for the payment of the wages of laborers, and payment "for any and all material for which payment under the terms of this contract is to be made by him (the contractor)." It is conceded that material supplied and used for such purposes as guard rail, snow fence or the like becomes an integral part of the highway and is within the bond, but it is argued that material supplied for contractors' equipment is not protected.

It will first be noted that the language of the contract and the bond in the instant case is not as broad as that of the contract and bond in the case of J. F. Anderson Lumber Co. v. National Surety Co. 49 S. D. 235, 207 N. W. 53, relied upon by the respondent, where the con-

tractor agreed "to *pay* all just claims, material, supplies, tools, appliances and labor and all other just claims incurred by him or any of his subcontractors in carrying out the provisions of this contract," and further agreed that the contract bond should be held to cover all such claims, the bond referring to the contract and being conditioned for the faithful performance of all its terms, covenants and conditions. Neither the contract nor the bond in the instant case contains any express agreement covering the payment for supplies, appliances or just claims arising in carrying out the contract. They are concerned merely with the furnishing of equipment and means of construction and there is no contention that these have not been furnished. The only express obligation to *pay* is found in the condition of the bond requiring the state to be protected as well as any person or persons performing labor or services or furnishing material and covering specifically payment of wages of laborers and payment for material for which the contractor is obligated under the terms of the contract. This court has held that a bond of this character does not obligate the bondsmen for premiums owing to the Workmen's Compensation Fund (State ex rel. North Dakota Workmen's Comp. Fund v. Padgett, 54 N. D. 211, 209 N. W. 388), while it does cover an amount owing for the hire of horses used in the work of construction (Payseno v. Padgett Co. ante, 154, 212 N. W. 836) ; and that it does not cover obligations incurred for gasoline and oil used in the motor vehicles employed in carrying on the work of construction. Yarger v. Dakota Trust Co. ante, 535, 215 N. W. 209. Under the form of bond and contract in question, therefore, a distinction exists in this jurisdiction between an obligation of the contractor incidentally incurred on account of the contract and obligations incurred for material, labor or services which contribute directly to the work in hand. We are of the opinion that an obligation incurred for the purchase of machinery or tools or to provide accommodations for the men employed or to shelter the horses that may be used upon the work, is merely incidental and not such a direct contribution as the bond is designed to cover. It will serve no useful purpose to again survey the authorities bearing upon the question in hand; nor to further emphasize the distinctions based upon differences in the terms of the bonds. See Franzen v. Southern Surety Co. 46 A.L.R. 496, and note (35 Wyo. 15, 246 Pac. 30).

For the reasons stated, the judgment appealed from must be reversed and the cause remanded for further findings and judgment not inconsistent with this opinion; the appellant to recover costs on the appeal. It is so ordered.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.

(On Petition for Modification)

BIRDZELL, Ch. J. The respondents have filed a petition for modification of the opinion which will permit further proceedings in the court below by way of amendment, if need be, and proof by the plaintiff which will distinguish between materials entering into the construction of the highway, for which recovery may be had under the bond, and materials which were consumed in equipment, for which there can be no recovery in this action. In the interest of justice it would seem that the plaintiff should be permitted to recover upon the bond for any materials supplied for the former purpose for which it has not received payment. Since proper findings and judgment can not be made on this record, the cause is remanded for retrial. The appellant is entitled to the costs of the first trial and to costs in this court.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.