DAVID RICKER, Respondent, v. JACOB HERR, Jr., et al., and National Surety Company, New York, a Corporation, Appellant.

(215 N. W. 682.)

**Verdict — decision follows prior case.**

Following the decision announced in Piper Howe Lumber Co. v. Padgett, ante, 811, 215 N. W. 468, the order in this case is affirmed.

Opinion filed October 13, 1927. Rehearing denied October 22, 1927.

Highways, 29 C. J. § 351 p. 612 n. 49.

Appeal from the District Court of McIntosh County, *Wolfe,* J. Affirmed.

*Hyland & Foster,* for appellant.

*I. A. Mackoff* and *Curtis & Remington,* for respondent.

Burr, J. The plaintiff brings action in his own name against the defendants on a bond given by defendant Herr, Jr., to the State of North Dakota with the National Surety Company, a corporation as surety to secure the performance by said defendant, Herr, Jr. of a contract which he made with the North Dakota highway commission for the construction of a state highway. The bond is similar in form, and executed pursuant to the same statute as the bond in the case of Piper. Howe Lumber Co. v. Padgett, ante, 811, 215 N. W. 468, decided this term. Plaintiff alleges and it is not denied, that he performed labor for defendant Herr, Jr., in the construction of the state highway. The defendant, the National Surety Company, demurred to the amended complaint, on the grounds: that there was a defect of parties plaintiff; a defect of parties defendant; that several causes of action were improperly joined; and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant National Surety Company appeals.

The sole contention is that the plaintiff cannot sue upon such bond without joining as parties' plaintiff or defendant the state highway commission and all others who may have contracted with the defend-

ant Herr, J. and furnished him material and labor in the construction of the Highway.

In the case of Piper Howe Lumber Co. v. Padgett, supra, the whole matter is discussed and upon the authority of that case and the principles laid down therein the order of the lower court must be affirmed and it is so ordered, with costs to the plaintiff.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURKE, JJ., concur.