AMERICAN SURETY CO. OF NEW YORK v. MILLS et al.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1916.)

No. 2699.

1. PRINCIPAL AND SURETY ⬤═172—LIABILITY OF SURETY—MARSHALING CLAIMS—EQUITABLE JURISDICTION.

Where claims against a surety exceed the amount of the penalty of the bond, the surety may sue in equity to obtain protection and relief by securing a pro rata distribution of the amount of the penalty between the several claimants; legal remedies affording no adequate relief.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 495, 496; Dec. Dig. ⬤═172.]

2. COURTS ⬤═493(1)—PRIORITY OF JURISDICTION.

Where, from a judgment rendered against it by state court, complainant appealed to the state Supreme Court, and on affirmance took a writ of error to the United States Supreme Court, complainant could not secure relief against the judgment by an independent suit in the federal District Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346, 1348; Dec. Dig. ⬤═493(1).]

3. EXECUTION ⬤═171(1)—INJUNCTION—GROUNDS—RELIEF.

Where a creditor obtained a judgment against a surety, and the amount of the claims against the surety exceeded the penal sum of the bond, the creditor will be enjoined from enforcing his judgment, it appearing that the judgment might be reversed on decision of a pending writ of error to the United States Supreme Court, and it not being shown what percentage of the judgment the creditor was entitled to recover, for a payment to such creditor of a greater percentage than he was entitled to would be no protection to the surety against other claimants.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497, 503, 517, 518; Dec. Dig. ⬤═171(1); Judgment, Cent. Dig. §§ 794, 795, 813, 825.]

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Bill by the American Surety Company of New York, a corporation, against Clara Mills and George F. Steele, Insurance Commissioner of the State of Idaho and others. From interlocutory orders giving only partial relief by injunction, complainant appeals. Modified, and cause remanded.

The appellant brought a suit, one purpose of which was to enjoin certain of the appellees, represented by Clara Mills, from collecting under a judgment obtained against the appellant in the state court of Idaho more than the pro rata part of said appellees of the penalty of a fidelity bond executed by the appellant, under which a large number of claimants were asserting claims against the appellant. The total of all of the claims was alleged to be about $90,000, whereas the penalty of the bond was but $50,000. The appellant also sought in the same suit to enjoin the insurance commissioner of Idaho from taking action to annul the appellant's license to do business in that state on account of its refusal to pay Mills and her associates the full amount of their claims, for which they had obtained their judgment in the sum of $22,624.33. The appellant sought also to determine the amounts due the respective claimants and the pro rata part of the penalty of the bond which each was entitled to receive, and sought to compel the appellees, represented by Mills, to account for certain dividends which they had received, and which it was alleged had not been credited upon their claim and

judgment. The court below granted the temporary injunction against the insurance commissioner, but refused to enjoin Mills and her associates from collecting the pro rata part of their judgment, and directed that the appellant pay on said judgment forthwith $13,614, in default of which its securities deposited with the state of Idaho would be sold to satisfy the same. The court made no determination of the amount due the other claimants, or the aggregate sum of valid claims, and made no order requiring the appellees to account for dividends received, or determining the just proportion of the penalty of the bond to which other claimants would be entitled. The appeal is taken from two interlocutory orders whereby the court, while enjoining the Mills group of claimants from taking any action to collect more of the penalty of the bond than their proportionate share, fixed at $13,614, or enforcing the collection of the full amount of the judgment which they had recovered, refused to enjoin or restrain them from collecting the said sum of $13,614, and enforcing said judgment for that amount.

Richards & Haga and McKeen F. Morrow, all of Boise, Idaho, for appellant.

W. E. Sullivan and L. L. Sullivan, both of Boise, Idaho, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellees moved to dismiss the suit in the court below for want of jurisdiction in equity, and although they have taken no appeal from the adverse ruling of the court upon the motion, it is proper for this court to consider first the question of the jurisdiction so suggested. We think equity had cognizance of the cause of suit, for the reason that the very nature of the suit itself demands relief which equity alone can afford, and there is no adequate remedy at law. The appellant, a surety on a bond in the penal sum of $50,000, could lawfully be required to pay no more than the penal sum so named. It was confronted with claims largely in excess of that amount, and it could obtain relief only by a decree for a pro rata distribution of the fund for which it was liable, and this could only be done in a single suit in equity, to which all claimants might be made parties. In American Surety Co. v. Lawrenceville Cement Co. (C. C.) 96 Fed. 25, there was a large number of actions at law on a contractor's bond, and the aggregate amount of the claims exceeded the penalty of the bond. It was held that those facts entitled the surety to maintain a suit in equity, through which the fund in its hands might be equitably distributed. Cases illustrative of that rule are Thomas Laughlin Co. v. American Surety Co., 114 Fed. 627; 51 C. C. A. 247; United States v. Wells (D. C.) 203 Fed. 146; Illinois Surety Co. v. United States, 212 Fed. 136, 129 C. C. A. 584; Illinois Surety Co. v. United States, 226 Fed. 665, 141 C. C. A. 421. In Illinois Surety Co. v. Mattone, 138 App. Div. 175, 122 N. Y. Supp. 929, the court said:

"The plaintiff, however, is liable in the aggregate only to the amount of its undertaking, and that amount constituted a fund for the payment of the creditors pro rata, and is to be distributed among them equitably according to their respective claims. Mere diligence in prosecuting a claim against such a fund will not entitle the prosecuting [procuring] claimant to a priority of payment. The fund can therefore be reached only by an action in equity, prosecuted in a court possessing equitable jurisdiction."

[2] The appellant presents two grounds for reversing the decree. One is that the judgment upon which payment was ordered to be made is void, for the reason that it was taken by default in the state court, after proceedings had been begun to remove the case to the federal court, and before the cause was remanded to the state court. The question of the validity of the judgment on that ground was presented by the appellant to the state court, and its adverse decision was affirmed on appeal to the Supreme Court of the state of Idaho, and it is now stated that the question has been taken by writ of error to the Supreme Court of the United States. The appellant by those proceedings pursued its proper remedy, and the question is not open to review on the appeal in the present case.

[3] The other ground is that the court below could not require the appellant to pay the sum so ordered to be paid on account of the Mills judgment without prejudicing the appellant's substantial rights in the suit. This ground we think is well taken. Assuming that the judgment obtained by Mills is valid, the court below could order paid thereon no more than a just percentage of the sum that shall finally be adjudged payable on each claim within the penalty of the bond. In determining that amount, the court will be required to take into consideration all the claims and all dividends paid or to be paid out of the assets of the company upon the claims. While the dividends paid and to be paid will not, of course, reduce the appellant's liability on the bond, unless they amount to a sum sufficient to reduce the total net loss of the claimants to less than $50,000, they are proper to be taken into consideration as affecting the question whether the appellant could safely pay on the Mills judgment so large a sum as $13,614 before the final decision of the suit. We think that to order the payment of $13,614 upon the Mills judgment at the present time is premature, for the reason that it does not appear with certainty that such payment will not result in overpayment on the Mills judgment and consequent loss to the appellant. In Commonwealth v. City Tr., S. Dep. & Sur. Co., 224 Pa. 223, 73 Atl. 425, the court held that where a surety on a contractor's bond pays a judgment obtained against it by a materialman, and subsequently other claims are established which, together with the amounts paid, exceed the penal sum of the bond, the surety is not liable to the other claimants merely for the difference between the amount previously paid and the penal sum, but its liability is determined by ascertaining the per centum which the creditors would be entitled to in equal distribution among all, even if the result is a payment by the surety of an aggregate in excess of the penal sum of the bond. The court said:

"The surety company is without the slightest equity. It paid the judgments obtained against it with the full knowledge of the fact that there was then an outstanding and unsatisfied claim * * * then in suit, for an amount which, together with the claims already liquidated, much exceeded the limit of its own liability. Yet, with knowledge of this fact, it proceeded to pay some of the creditors in full. It is no excuse to say that these payments were made to avoid execution. Threatened execution could and should have been met by appeal to the court to put its restraining hand upon the creditor who would attempt to use its process, not for the collection of his own debt solely, but

in part to defeat some one else in equal right with himself in the fund to be subjected, and that, too, at the cost of the surety."

The orders appealed from are so modified as to withdraw the authority to enforce the payment on the Mills judgment, and the cause is remanded for further proceedings and final decree, with costs in favor of the appellant and against the appellees.