[Civ. No. 6048.   Third Appellate District.—May 4, 1938.]

FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Plaintiff and Respondent, v. HARRIET B. STEPHENSON et al., Defendants; EMMA L. LEUZINGER, Defendant and Appellant; GEORGE W. WILD et al., Defendants and Respondents.

E. O. Leake, J. J. Leake and Potter & Potter for Appellant.

Joe Crider, Jr., and A. F. Mack, Jr., for Respondents.

THOMPSON, J.—The defendant, Emma L. Leuzinger, has appealed from a judgment which was rendered in an equitable suit brought by the plaintiff as surety on the bond of a stock broker, to ascertain and pay the relative proportions of the bond to which several claimants are entitled on account of losses sustained by them as a result of derelictions of the broker.

This action was instituted to prevent a multiplicity of suits. It is based upon detriment accruing to the several defendants in separate transactions which they had with A. J. Merrick & Company, a corporation, conducting a stock brokerage business in the state of California, by means of which the firm fraudulently obtained and appropriated to its own use the sums of money hereafter mentioned. In compliance with the Corporate Securities Act of California, A. J. Merrick & Company furnished and filed its bond on qualifying in the sum of $5,000 to secure the faithful performance of its acts as a stock broker. The bond was executed by the respondent, Fidelity and Deposit Company of Maryland. The bond provides that the principal, A. J. Merrick & Company, and its agents, shall fully comply with the Corporate Securities Act of California, and shall "honestly and faithfully apply all funds received, and faithfully and honestly perform all obligations and undertakings in the purchase or sale of securities by said broker, his agents and employees". The bond also contains the following provisions:

"That any person who sustains an injury covered by this bond may, in addition to any other remedy that he may have, bring an action in his own name upon this bond for the recovery of any damages sustained by him. . . .

"That the total aggregate liability of the surety or sureties herein shall be limited to the payment of Five Thousand Dollars ($5,000.00)."

The complaint alleges that three other separate suits against the stock broker and the surety company were commenced in the courts in Los Angeles for separate specified amounts, by the defendants named herein; that the aggregate

detriment claimed by the plaintiffs in those three actions on account of the broker's derelictions amounted to the sum of $13,850, which was in excess of the $5,000 limitation of liability under the bond; that the defendants in this suit be required to establish the validity of their respective claims herein, and that they be restrained from attempting to collect from the surety company, in their respective suits, more than their just *pro rata* shares of the amount of the indemnity bond; that the court ascertain and determine the losses sustained by each of said claimants and prorate to each his share of the amount of said surety bond to which he is entitled. The complaint prays that after the payment of said sums the surety may be exonerated from further liability on account of its said bond. Demurrers to the complaint were overruled. The defendant, Emma L. Leuzinger, filed an answer and cross-complaint in this cause, asserting her claim for $1600. The defendants, George W. and Kate S. Wild, husband and wife, filed their separate answer and cross-complaint for a claim of $12,000. The defendant, Harriet B. Stephenson, who had previously prosecuted her claim for $250 to judgment in the Municipal Court of Los Angeles County did not appear in this case. But it was stipulated between all parties hereto that her said claim "shall be paid out of the aforesaid penal sum of said bond *pro rata* with other judgment creditors thereon". The delinquent stock brokerage company had been declared bankrupt, and it was not made a party to this suit.

This cause was tried by the court, which adopted findings to the effect that the three separate claimants sustained losses on account of the derelictions of the stock broker in the following amounts: George W. and Kate S. Wild, the sum of $12,000; Emma L. Leuzinger, the sum of $1600; and Harriet B. Stephenson, the sum of $250; that the limit of liability of the surety company on its bond is the aggregate sum of $5,000; that the *pro rata* sum to which each claimant is entitled under the provisions of the bond is the proportion of said $5,000 which the claim of each bears to the total sum of $13,850, which is the aggregate amount of the three claims; that upon that basis George W. and Kate S. Wild are entitled to the sum of $4,332; Emma L. Leuzinger is entitled to $577.50, and Harriet B. Stephenson is entitled to $90.50. Judgment was accordingly rendered against the respondent,

Fidelity and Deposit Company of Maryland, and in favor of each of the said claimants for the respective sums last mentioned, together with interest and costs of suit. From that judgment the defendant and cross-complainant, Emma L. Leuzinger, has appealed. ■ The appeal is presented to this court on a certified copy of the pleadings and proceedings without the evidence which was adduced at the trial. It is a mere appeal upon the judgment roll.

■ The only point raised by the appellant is the quota or *pro rata* share of the amount of the indemnity bond of $5,000 which was allowed to her. The appellant contends that the court erred in allowing her only the sum of $577.50; that each of the separate suits for detriment for the derelictions of the stock broker, as against the surety, is based solely on the provisions of the bond; that this action is founded on contract and does not sound in tort; that since each separate claimant was entitled to recover from the surety the full amount of his loss if it does not exceed the amount of the bond, it follows that Stephenson was entitled to judgment for $250, the appellant was entitled to $1600, and George W. and Kate S. Wild were entitled to a judgment for only the maximum sum provided by the bond, namely $5,000, and that the respective claimants, therefore, were entitled to participate in the available fund in the proportions which the last-mentioned three sums bear to their aggregate amount of $6,850 instead of the total sum of their three claims which is $13,850. In other words, it is asserted the distribution of shares in the amount of the bond should be based on the relative sums recoverable under the bond and not the *pro rata* share thereof determined by the relative proportion of their aggregate losses on account of the torts of the stock broker. In support of her contention the appellant relies on *Betzer* v. *Olney,* 14 Cal. App. (2d) 53 [57 Pac. (2d) 1376], *Kane* v. *Mendenhall,* 5 Cal. (2d) 749 [56. Pac. (2d) 498], and *Wiggins* v. *Pacific Indemnity Co.,* 134 Cal. App. 328 [25 Pac. (2d) 898].

We are of the opinion there is no merit in the foregoing contention of the appellant. This is a suit in equity to ascertain and distribute the just proportions of an acknowledged fund to the claimants *pro rata* according to the respective losses sustained on account of the torts of the broker with whom they dealt. The losses sustained are the measure of

damages of each claimant. The very purpose of this action was to avoid a multiplicity of suits and to ascertain and equitably distribute the available bond fund among those who are entitled to share therein. The proportions and extent to which each is entitled to participate in that fund, subject to the maximum liability prescribed by the bond, is measured by the proportionate loss sustained by each on account of the derelictions of the broker. The total losses sustained by the three claimants is $13,850. In a suit for tort against the broker, Mr. and Mrs. Wild would be entitled to recover judgment for the full amount of $12,000. Under the terms of the contract of bond, they are entitled to participate in the same proportionate ratio with other claimants. The limitation of liability expressed in the bond is not the measure of the proportion thereof to which a claimant is entitled. It would be inequitable and unjust to require Mr. and Mrs. Wild to forfeit $7,000 of their just claim before they are entitled to participate on an equal basis with other claimants. We are of the opinion there is no merit in the contention of the appellant in that regard.

The foregoing authorities which are cited by the appellant do not support her contention that one of several claimants, whose losses exceed the maximum liability under a bond, must forfeit all in excess of that maximum figure before he may participate with the others in prorating the fund. That would be an unjust and inequitable rule. In none of them was that principle involved or declared. In none of them was there a single claimant who sustained a loss in excess of the maximum liability of the bonds involved. It is determined that no claimant may recover judgment against a surety bond in excess of the maximum liability thereof. That does not mean that in ascertaining the proportions of a surety bond to which several claimants may be entitled, those whose claims exceed the maximum amount of the liability must forfeit the sum in excess thereof in participating with the others. Judgment was not rendered against the surety company for the full amount of the loss of Mr. and Mrs. Wild. The claims of the several parties merely furnished the basis upon which the available fund was prorated among them. The judgment which was rendered against the surety company in favor of Mr. and Mrs. Wild was for only the sum of $4,332. We are of the opinion the fund was properly prorated.

*Kane* v. *Mendenhall, supra,* declares no rule of apportionment of a surety fund which supports the appellant's contention in this case. In that action the American Surety Company furnished Mendenhall a $2,000 bond on qualifying as a real estate agent under the provisions of the California Real Estate Act. For dereliction of his duties, Kane brought a suit for damages against the real estate agent and his surety, jointly. Judgment for $4,500 was rendered against the agent, and a judgment of only $2,000 was entered against the surety company, because of its limitation of liability prescribed by the bond. The court said:

"A cause of action in tort against the broker to recover full damages existed independently of the provisions of the Real Estate Brokers' Act, or the existence of a bond."

In that suit no other claimant was involved in an effort to participate in the $2,000 bond fund. That case merely determines that a claimant may recover upon the contractual liability of the bond. It does properly state that recovery may not be had on the bond for more than the maximum liability thereof. But it does not determine that a claim in excess of the maximum liability expressed may not be prorated with other claims in determining what proportion of the fund each is entitled to receive.

In the case of *Wiggins* v. *Pacific Indemnity Co., supra,* a real estate broker furnished two separate $2,000 bonds on qualifying pursuant to the provisions of section 9a of the California Real Estate Act. The broker was guilty of derelictions of his duties. The plaintiff, Wiggins, brought suit against both bonds for $2,150. Three other claimants interpleaded. Benn had a claim of $250, Bollmann had a claim for $1264.50, and Cunningham claimed a loss of $1635.31. The four claims aggregated the sum of $5,299.81. The maximum liability was $4,000. The surety company filed a cross-complaint alleging that without previous knowledge of these claims, it had already satisfied two judgments for other similar claims aggregating the sum of $2,748.60, and that according to the terms of the bonds its liability was limited to $4,000, leaving only the sum of $1251.40 available from which to satisfy the remaining claims. The court rendered judgment against the surety company for the full amount of the four claims aggregating the sum of $5,299.87. On appeal it was determined that the limitation of liability was $4,000;

that the surety company had already paid out $2,748.60 of that amount and retained only the sum of $1251.40, which sum it ordered distributed among the respective claimants in proportion to their ascertained interests therein.

That case involved no one claim in excess of the $4,000 limitation of liability. The court seems to have indicated that the four claimants should participate in the remaining fund in the proportion which their respective claims bore to the aggregate unpaid indebtedness. That case is not authority for the principle of apportionment announced by the appellant.

Nor is the case of *Betzer* v. *Olney, supra,* in conflict with what we have said. In that case a $5,000 bond was furnished by a real estate broker. He was also guilty of derelictions. Three individuals joined in a suit against the bond. None of their claims exceeded the $5,000 limitation of liability, although the three claims aggregated nearly $8,000. The court found the several amounts in which the claimants were damaged, and prorated them so as not to exceed the $5,000 limitation of liability. On appeal it was determined that two of the claimants, in whose favor judgment had been rendered, merely loaned money to the broker, and that their claims did not come within the provisions of the Real Estate Act, which claims were secured by the surety bond. The appellate court held that the trial court erroneously rendered judgment against the surety for those two claims. The court said:

"With the claims of the respondents Betzer and Olney eliminated the respondent Dorrance was entitled to recover the full amount of his loss, as found by the court."

There were but three claimants in that case. The loss sustained by Dorrance, who was the only remaining claimant entitled to be reimbursed from the bond fund, was found by the court to be the sum of $2,812.50. The appellate court therefore properly held that since the other two parties were not entitled to participate in the bond fund, Dorrance was entitled to the full amount of his claim. There is nothing in that case contrary to what we have previously said with respect to the proper rule for prorating a surety fund under the circumstances of this case

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.