[Civ. No. 24157. Second Dist., Div. Three. June 27, 1960.]

FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Respondent, v. SANTA MONICA FINANCE COMPANY (a Corporation), Appellant.

*Assigned by Chairman of Judicial Council.

Robert M. Aran for Appellant.

Maurice H. Wallbert for Respondent.

FORD, J.—The defendant has appealed from the granting of a preliminary injunction.

The verified complaint, upon the basis of which the pre-

liminary injunction was issued, contains allegations as follows: 1. The plaintiff is a corporation and qualified to transact and actually engaged in transacting a general insurance and suretyship business in the state of California. 2. Defendant is a corporation engaged in transacting business in the county of Los Angeles. 3. Douglass V. Neale, at all times mentioned in the complaint, was licensed as a used-automobile dealer under the laws of the state of California and maintained a place of business in the county of Los Angeles. 4. On or about November 21, 1957, plaintiff, as surety, and Neale, as principal, executed a certain used-automobile dealer's bond in favor of the People of the state of California in the penal sum of $5,000 and "conditioned as required by the provisions of § 204 and [§] 205 of the Vehicle Code."[1] Such bond was in effect from January 1, 1958, to December 23, 1958, and under the terms thereof the liability of the plaintiff was not in excess of such sum of $5,000. 5. Each of the defendants, Santa Monica Finance Company, Ruth Callaway Adams, Alfred L. Littman, William L. Mong, Jose C. Galvan, Peggy Jamison, R. E. Vrooman and Thomas A. Brennan, asserts a claim against plaintiff on the bond for loss or damage claimed to have been suffered by such defendant on account of the acts of Neale during the period in which the bond was in full force and effect. The claims are in a total sum which is in excess of $14,000. 6. On or about December 20, 1958, defendant Santa Monica Finance Company commenced an action in the superior court in the

---

[1]Section 204 of the Vehicle Code during the period of time involved in this case was, in part, as follows: "Before any dealer's license shall be issued or renewed by the department to any applicant therefor, the said applicant shall procure and file with the department a good and sufficient bond in the amount of five thousand dollars ($5,000) with corporate surety thereon, . . . and conditioned that said applicant shall not practice any fraud, make any fraudulent representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency."

During the same period of time, section 205 of the Vehicle Code was, in part, as follows: "If any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman; provided, such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee, or shall suffer any loss or damage by reason of the violation by such dealer or salesman of any of the provisions of Division 3 or 6 of this code, such person shall have a right of action against such dealer, his said salesman, and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from or sold to the dealer."

Santa Monica Branch thereof.[2] By such action it sought to recover from the plaintiff herein the sum of $6,735.80, together with interest, costs and attorney's fees, under the bond for damages alleged to have been suffered during the term of the bond by reason of the acts of Neale. That action is pending and the Santa Monica Finance Company, as plaintiff therein, threatens to proceed to trial as against the Fidelity and Deposit Company of Maryland, as defendant therein, "as quickly as possible." The Santa Monica Finance Company, as plaintiff therein, has made application to the court for a judgment by default as against Neale as defendant therein. That application has been resisted by the Fidelity and Deposit Company of Maryland in order that all claimants under the bond might be impleaded in the present action and therein establish their respective claims, if any, and "participate ratably and equitably in the aforesaid bond, pursuant to its terms and up to the bond penalty thereof." 7. It is impossible for the Fidelity and Deposit Company of Maryland to determine the amount, if any, for which it is liable to such claimants. If the Santa Monica Finance Company continues with the prosecution of the action filed at the Santa Monica Branch of the superior court and judgment should be entered as prayed for therein against the plaintiff in the present action, Fidelity and Deposit Company of Maryland, such plaintiff might thereby be required to pay the sum of $9,000 or more in excess of the penalty of its bond. 8. Unless the Santa Monica Finance Company is restrained from such prosecution of its action "plaintiff herein will suffer irreparable injury and possibly will be subjected to judgments in excess of the penalty of its aforesaid bond, and will be subjected to a multiplicity of actions and to harassing and expensive litigation." 9. The question of the liability, if any, of the present plaintiff to each of the claimants can be "safely, economically and adequately determined in this action without prejudice to the rights of said defendants or any or either of them." 10. Plaintiff is willing to pay into court the sum of $5,000 which is the penal sum of the bond, "the said amount or so much thereof as may be necessary to be applied upon any final judgment which may be rendered in favor of the defendants herein or any or either of them in connection with the order of this court, the balance of said sum, if any,

---

[2]That action was actually filed on December 2, 1958. The complaint in the present case was filed on January 20, 1959.

to be returned to this plaintiff." 11. Plaintiff has no plain, speedy or adequate remedy at law.

In opposition to the application for a preliminary injunction, an affidavit of the attorney for Santa Monica Finance Company was filed. Therein he states that Neale had defaulted in the earlier action and that on December 15, 1958, his client had made a request for entry of judgment against Neale. In that action, the Fidelity and Deposit Company of Maryland, as a defendant therein, had made a motion for a continuance or to restrain the plaintiff therein from taking such a default judgment on the ground that the Fidelity and Deposit Company of Maryland had knowledge of other claims against Neale and such order was necessary so that it would not be subjected to a multiplicity of suits. The court, in the Santa Monica Branch thereof, restrained the plaintiff in the action there pending from taking judgment against Neale and ordered the Fidelity and Deposit Company of Maryland to file therein a cross-complaint in interpleader.[3] The affiant further states: "That an action was filed in Interpleader and it is that action which presently is before this Court." In the affidavit, it is further asserted that the only action which had been theretofore commenced by any claimant was the action pending in the Santa Monica Branch of the court. The last paragraph of the affidavit is: "It would be highly inequitable to injoin [sic] Santa Monica Finance Company from taking its judgment against Douglass V. Neale under the guise of alleged multiplicity of claims when none have been reduced to litigation and the Santa Monica Finance Co., had diligently proceeded to protect its legal rights."

On March 9, 1959, the preliminary injunction, which forms the basis of the present appeal, was issued. Thereby Santa Monica Finance Company was enjoined, during the pendency of the present action, from further prosecuting the earlier action which was pending in the Santa Monica Branch of the court. That company was ordered to "set up and prove in this action" its claim under the bond.

---

[3]In the record on appeal, there is a copy of the minute order of the court in that action. That order was made on January 20, 1959, which was the date upon which the present action was filed. Therein it is stated in part: ". . . and defendant Fidelity and Deposit Company of Maryland is ordered and directed to file its Cross-complaint in interpleader joining all known claimants on it's [sic] Bond so that the respective rights of all claimants including plaintiff herein [Santa Monica Finance Company] may be adjudicated."

The core of the argument advanced by the defendant Santa Monica Finance Company, as appellant herein, is that the superior court abused its discretion in issuing a preliminary injunction against the prosecution of the earlier action and in ordering the appellant to set forth its claim in the interpleader action. Aside from the question as to whether the preliminary injunction should have included within the scope of its prohibition the prosecution of the earlier action as against Neale alone, a matter to be hereafter discussed, it is clear that the remedy as sought by the Fidelity and Deposit Company of Maryland finds support in the applicable authorities under the circumstances hereinabove set forth. (*Fidelity & Deposit Co.* v. *Stephenson*, 26 Cal.App.2d 241, 244-245 [79 P.2d 115]; *Wiggins* v. *Pacific Indemnity Co.*, 134 Cal.App. 328, 330-331 [25 P.2d 898].) It was stated in the Stephenson case, at pages 244-245: "This is a suit in equity to ascertain and distribute the just proportions of an acknowledged fund to the claimants *pro rata* according to the respective losses sustained on account of the torts of the broker with whom they dealt. The losses sustained are the measure of damages of each claimant. The very purpose of this action was to avoid a multiplicity of suits and to ascertain and equitably distribute the available bond fund among those who are entitled to share therein. The proportions and extent to which each is entitled to participate in that fund, subject to the maximum liability prescribed by the bond, is measured by the proportionate loss sustained by each on account of the derelictions of the broker." (See also *American Surety Co.* v. *Mills*, 232 F. 841, 842 [147 C.C.A. 35].) In aid of such jurisdiction, an injunction against the prosecution of other actions, pending the determination of the rights of the various claimants, may properly be granted by the court in the exercise of its discretion. (See *Fox* v. *Sutton*, 127 Cal. 515, 519 [59 P. 939]; 48 C. J. S. Interpleader, § 27; 30 Am.Jur., Interpleader, § 30.)

The appellant asserts that none of the claims other than that of appellant "had been reduced to litigation" and that the respondent was concerned with an "unreal fear" which "is not sufficient to justify the issuance of an injunction." There is no merit in that argument. As long as the respondent herein was faced with claims under the bond, it was warranted in having recourse to the kind of proceeding herein involved. The applicable law has thus been stated: "It is not

necessary in order to justify the filing of a bill of interpleader that suit shall actually have been commenced against the plaintiff; it is sufficient that claims shall have been made against him and that he is in danger of being molested by the assertion of conflicting rights.'' (30 Am.Jur., Interpleader, § 7, p. 485.)

It has been noted that in the earlier case pending in the Santa Monica Branch of the court, the Fidelity and Deposit Company of Maryland was ordered to file a cross-complaint in interpleader in which all known claimants under the bond would be joined as parties. This order was made on the same day as that on which the present action was filed. The cross-complaint, under the court's order, was to be filed on or before February 19, 1959. On February 19, 1959, the parties entered into a stipulation extending such time ''to and including 10 days after receipt of notice of ruling'' on the application for an injunction in the present case. In that stipulation, it is stated that the present action was filed before the Fidelity and Deposit Company of Maryland had notice of the order with respect to the filing of such cross-complaint. In accordance with the stipulation, the court in the Santa Monica Branch thereof made an order extending the time of the Fidelity and Deposit Company of Maryland to file such cross-complaint ''if it be so advised.'' This matter is mentioned because it appears that by virtue of such a cross-complaint all of the relief sought by the respondent in the present case could have been obtained. (*Cf. Wiggins* v. *Pacific Indemnity Co., supra,* 134 Cal.App. 328; see *Cassidy* v. *Norton,* 25 Cal.App. 433, 436 [143 P. 1057].) While it might have been argued that any injunction in the present case was accordingly unnecessary (see *Johnson* v. *Sun Realty Co.,* 138 Cal.App. 296, 301-302 [32 P.2d 393]; *Mutual Life Ins. Co. of New York* v. *Egeline,* 30 F.Supp. 738, 741), the appellant herein has not raised such issue on this appeal. ■ Aside from the fact that under the circumstances of this case the appellant does not appear to have been prejudiced by the filing of a separate action in interpleader instead of a cross-complaint in interpleader in the prior action, we are not called upon in this case to determine such an issue which the appellant has not raised in his briefs on appeal. (*Philbrook* v. *Randall,* 195 Cal. 95, 104-105 [231 P. 739]; see *Kurlan* v. *Columbia Broadcasting System, Inc.,* 40 Cal.2d 799, 806 [256 P.2d 962].)

■ We are, however, concerned, with the fact that the

preliminary injunction enjoins the Santa Monica Finance Company from proceeding to seek to obtain a judgment by default against Neale alone in the earlier action. The nature of the liability of the Fidelity and Deposit Company of Maryland under the contract embodied in its bond is different from that of Neale. This distinction, assuming the acts of Neale to be within the scope of sections 204 and 205 of the Vehicle Code (as in effect in 1958), is shown by the reasoning of the Supreme Court in *Kane* v. *Mendenhall*, 5 Cal.2d 749, at pages 752-753 [56 P.2d 498] : ''Nor can it be said that the joint action contemplated by section 9a is solely an action *on the bond,* in which recovery against the principal, as well as against the surety, is limited to $2,000, the penal sum of the bond. Damages suffered through the fraud of the broker may often exceed the penal sum of the statutory bond of $2,000. A cause of action in tort against the broker to recover full damages existed independently of the provisions of the Real Estate Brokers' Act, or the existence of a bond. Section 9a constitutes a recognition of this right. The section provides for a recovery 'of *any damages* sustained by the failure or omission of said real estate broker to perform his duties or obligations or any of them.' (Italics ours.) In so far as the damages suffered exceed the penal sum of the bond, the action against the principal may be said to rest on his delictual liability, rather than on a contractual liability based on the bond. As to the surety necessarily recovery is upon his contractual liability on the bond, and is limited thereby to $2,000, the penal sum of the bond.

''Decisions in other jurisdictions to the effect that the surety cannot be joined in an action against the principal based on a common law delictual liability, are found to rest upon a preservation in those jurisdictions of the common law rule against joinder of actions in tort and contract. In this state, an action in tort may be joined with an action on contract where both arise out of the same transaction. (§ 427, subd. 8, Code Civ. Proc.)''

In *McPhetridge* v. *Smith*, 101 Cal.App. 122, at pages 142-143 [281 P. 419], it is said : ''That the default judgment against the defendant in a case similar to this cannot be considered as proof against his bondsmen, needs but little consideration. The law appears to be well settled in this state that sureties are not bound by judgments against their principal unless the undertaking so provides, as where one under-

takes to pay a certain sum in the event of the principal failing so to do. In other cases the surety is not prevented from making any defense that might have been interposed by his principal. (See Stearns on Suretyship, 3d ed., p. 298; 23 Cal.Jur., p. 1062; *Easton* v. *Boston Investment Co.*, 51 Cal. App. 246 [196 P. 796].) Other cases might be cited, but the rule announced in the citations given prevails in California.'' (See also *Kane* v. *Mendenhall, supra,* 5 Cal.2d 749, 751; 46 Cal.Jur.2d, Suretyship and Guaranty, § 65.) Nor, of course, would a judgment against Neale be binding as against the other claimants. We have reached the conclusion that the appellant herein should not have been enjoined in the present action from seeking a judgment by default as against Neale alone in the earlier action.[4] We do not, however, decide what the determination of the court should be if and when such default judgment is sought since that matter is not before us on this appeal. (See *Trans-Pacific Trading Co.* v. *Patsy Frock & Romper Co.,* 189 Cal. 509, 513 [209 P. 357] ; *Ellsworth* v. *United States Metal Corp.,* 110 Cal.App.2d 727, 730 [243 P.2d 575].)

 Except for that portion of the preliminary injunction just discussed, there was no abuse of discretion on the part of the court. (See *Ingrassia* v. *Bailey,* 172 Cal.App.2d 117, 125 [341 P.2d 370].)

The paragraph of the preliminary injunction which prohibits, during the pendency of the present action, the prosecution of the earlier action pending in the Santa Monica Branch of the court is modified by adding immediately after the words ''being Proceeding No. SM Civil 6700'' the following ''except that the said defendant Santa Monica Finance Company, a corporation, may proceed with the prosecution of its application for a default judgment in said Proceeding No. SM Civil 6700 as against Douglass V. Neale, defendant therein, only, without prejudice to the rights of Fidelity and

---

[4]It is true that in the earlier action, the order of January 20, 1959, which ordered Fidelity and Deposit Company of Maryland to file a cross-complaint therein, also ordered that Santa Monica Finance Company ''be and is hereby restrained from further prosecution of this action as against Douglass V. Neale . . . until further order of this court.'' We do not pass on the validity of that order but, in any event, the preliminary injunction in the present action in effect precludes the appellant herein from seeking to be relieved of such restraint by application to the court in the earlier case.

Deposit Company of Maryland under its bond described in said action.''

As so modified as set forth above, the order granting the preliminary injunction is affirmed.

Shinn, P. J., and Vallée, J., concurred.